RYDER, Chief Judge.
The Board of County Commissioners of Charlotte County appeals a temporary injunction issued pursuant to Rampart Utilities, Inc.’s petition. We reverse.
Rampart Utilities, Inc. (Rampart) is a privately owned utility which provides water and sewer services to customers in an unincorporated area of Charlotte County. Rampart petitioned the Board of County Commissioners (Board) for a rate increase. The Board set interim rates at a higher level than the previous rates then, two months later and after hearings, set final rates and ordered Rampart to refund the portion of the interim rates collected which was in excess of the final rates.
Rampart appealed the Board’s ruling to the circuit court for Charlotte County and, thereafter, filed a complaint against the Board seeking a temporary injunction. The court entered the injunction pending the outcome of Rampart’s appeal. The injunction allowed Rampart to collect rates in the amount initially requested and prohibited the Board from enforcing its final rate order. The rates sanctioned by the injunction were in excess of both the interim and final rates set by the Board. The court consolidated the appeal and injunction actions.
We hold that the temporary injunction issued in this case was improper because therein the circuit judge usurped a legislative function, the setting of rates for a public utility. Miami Bridge Co. v. Miami Beach Ry. Co., 152 Fla. 458, 12 So.2d 438 (1943). A court’s power is confined to determining whether an existing rate is reasonable and striking down rates which are clearly unreasonable and unjust. Miami Bridge Co. Here, the judge made no determination as to the reasonableness of the final rates set by the Board.
We vacate and set aside the temporary injunction with instructions that the circuit court proceed to determine whether the final rates set by the Board are reasonable and conduct such other proceedings consistent with this opinion, including the resolution of Rampart’s pending appeal.
REVERSED and REMANDED.
OTT and DANAHY, JJ., concur.